## IN THE COURT OF APPEALS OF IOWA

No. 16-1564
Filed January 25, 2017

**IN THE INTEREST OF K.M. and K.S.,**
Minor Children,

**D.B., Father,**
    Appellant.

**W.S., Mother**
    Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Linda A. Hall of Linda Hall Law Firm & Mediation Services, P.L.L.C., Waterloo, for appellant father.

Michael H. Bandy of Bandy Law Office, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Katherine S. Miller-Todd (until her withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee.

Timothy M. Baldwin of Juvenile Public Defender's Office, Waterloo, guardian ad litem and attorney for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the order terminating their parental rights. Both parents claim they should be granted additional time to resume care of the children. The father further claims termination is not in the best interests of K.S.[1] We find neither parent should be granted additional time to resolve the grounds for termination and termination is in K.S.'s best interests. Accordingly, we affirm.

## I.    Background Facts and Proceedings

K.M. was born in 2011, and K.S. was born in 2015. Both were born drug-affected. The mother has a long history of drug-related offenses. K.M. was removed from the mother's care from September 23, 2013, to June 25, 2014. K.S. and K.M. were both removed at the time of K.S.'s birth due to the mother's continuing drug use. K.S.'s father was incarcerated at the time.

The mother began to make progress and participated in services. At a permanency hearing held on November 30, 2015, the juvenile court granted an additional six months to both the mother and father to work toward reunification. However, at the time of the second permanency hearing in May, the mother was only sporadically complying with drug testing, had failed several tests, and admitted to the regular use of marijuana and methamphetamine. During visits with the children the mother would yell, argue with other adults, sleep, and at one point threw eggs at a provider's car. In the termination order the juvenile court summed up the failures of the mother:

---

[1] The father is only related to K.S. K.M.'s father is not involved in this appeal.

The mother has demonstrated repeatedly a willingness to put her own needs above those of her children. The mother has failed to complete substance abuse programming or follow through with mental health treatment. There have been four founded Child Protective Assessments on the children as a result of their mother's chronic substance abuse and the children's exposure to illegal substances in utero. The mother testifies to daily use of marijuana and methamphetamines from January through May, 2016, while the children remained in family foster care and the court deferred permanency on the child, K.S.

The father has been incarcerated for a majority of K.S.'s life. He was released from prison in March 2016 on parole, was arrested twice during the same month, and had his parole revoked in May. The father did participate in programs in prison for his mental health and substance abuse. He has had contact with K.S. only twice, although he has recorded himself reading stories for the child through a prison program.

The termination hearing was held July 13, and an order terminating the parental rights was entered September 2. The mother and father now appeal the termination.

## II.    Standard of Review

The scope of review is de novo in termination cases. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We give weight to the juvenile court's findings of fact, but are not bound by them. *In re C.B.*, 611

N.W.2d 489, 492 (Iowa 2000). The highest concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Termination

The mother, whose rights were terminated pursuant to Iowa Code section 232.116(1)(e), (f), (h), and (*l*) (2015), does not claim the evidence was insufficient to terminate her parental rights. The father's rights were terminated under section 232.116(1)(e), (h), and (*l*). He does not claim termination was inappropriate under sections 232.116(1)(e) or (h). When a ground for termination is not disputed, we need not consider if termination on that ground is appropriate. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Therefore, we will only discuss the parents' claims for an extension of time and the best interests of the children.

## IV. Extension of Time

Both parents claim the district court wrongly denied their requests to be given an additional six-month extension to allow them an opportunity to resume care of the children. Our supreme court has held we must grant a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills." *C.B.*, 611 N.W.2d at 494. However, this patience is not unlimited, as it can quickly become a hardship for the children involved. *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989).

The mother claims she is making progress in achieving sobriety and will soon be able to parent the children. We disagree. She has been through numerous substance-abuse-treatment programs, she has been offered many services (which were used half-heartedly at best), and she has not been able to

maintain sobriety. Her behavior during visitation was erratic, combative, and harmful to the children. She has also admitted to using marijuana and methamphetamine daily for a period of months. This addiction, which the mother has consistently put above the care of her children, will not be resolved in six months, and she will continue to be unavailable for these children.

The father claims his chances of being released from prison "appeared excellent" at the time of the termination hearing and within six months he would likely be able to assume custody and care of K.S. At the time of the termination hearing, the father was projected to appear before the parole board approximately two months later. He testified his counselor believed he would be granted parole. We find granting an additional six months to the father would be inappropriate. The father was sentenced to twenty-five years in prison in October 2010. In 2013, 2014, and 2016 he was placed on parole and had his parole revoked for abusing or possessing controlled substances. Even if the father could prove he would be paroled within two months of the termination hearing, the pattern of having his parole revoked would likely continue. An additional six months would not resolve the issues requiring termination.

## V. Best Interests of Child

Only the father claims termination is not in the child's best interests; therefore, we only examine this claim as it relates to K.S. The father claims by interacting with the child twice and through the stories he recorded from prison "[t]here was a strong likelihood that once the [f]ather [was] released from incarceration that he would return to having a relationship with [the child]" and as

a result, termination is not in the best interest of K.S. Currently K.S. is placed with a foster family who intend to adopt both K.M and K.S. It is clear from the father's continual pattern of re-offending, criminal history, substance abuse history, and instability that termination is in the best interests of K.S. We refuse to ask the child to wait for a parent to become stable, especially when past behavior indicates the parent is unwilling or unable to change. *See D.W.*, 791 N.W.2d at 707. K.S. has waited two years for a parent. We will not deny the child an opportunity to find a stable, nurturing, and safe environment. We find termination is in the child's best interests.

**AFFIRMED ON BOTH APPEALS.**